ANTHONY ZUPPO, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 436, 2008
Supreme Court of Delaware.
Submitted: October 23, 2008.
Decided: December 2, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
This 2nd day of December 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Anthony Zuppo, filed an appeal from the Superior Court's July 28, 2008 order denying his motion to correct an illegal sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In February 2002, Zuppo was found guilty by a Superior Court jury of Rape in the Second Degree, Attempted Rape in the Second Degree, Assault in the First Degree, three counts of Aggravated Intimidation, Unlawful Imprisonment in the First Degree, Assault in the Third Degree, Harassment, Offensive Touching, and five counts of Non-Compliance with Conditions of Bond. On the rape conviction, Zuppo was sentenced to ten years at Level V, with an effective date of August 1, 2001. On the attempted rape conviction, he was sentenced to five years at Level V. On the first-degree assault conviction, he was sentenced to four years at Level V, to be suspended after two years for probation. On each of the convictions of aggravated intimidation, he was sentenced to two years at Level V, to be suspended after one year for probation. On the unlawful imprisonment conviction, he was sentenced to one year at Level V, to be suspended for probation. On the third-degree assault conviction, he was sentenced to six months at Level V, to be suspended for probation. On the harassment and offensive touching convictions, he was assessed fines. Finally, on each of the five convictions of non-compliance with bond, he was sentenced to one month at Level V. The sentencing order specified that all periods of probation were to be served consecutively. Zuppo's convictions were affirmed by this Court on direct appeal.[2] The Superior Court's denial of his postconviction motion also was affirmed by this Court.[3]
(3) In this appeal, Zuppo claims that the Superior Court improperly denied his motion for correction of an illegal sentence. According to Zuppo, his sentences are illegal because, with one exception, the sentencing order does not specify their beginning or ending dates.
(4) Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily-authorized limits or violates double jeopardy.[4] A sentence also is illegal when it is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5] The narrow function of Rule 35(a) is to correct an illegal sentence, not to re-examine alleged errors occurring prior to the imposition of sentence.[6]
(5) Delaware law requires that, when a prison sentence is imposed, the sentencing order must be specific as to the beginning and ending dates of the prison term.[7] Moreover, while a defendant's probationary sentences may be served either consecutively or concurrently, his prison terms may not be served concurrently with any other prison term.[8] In this case, Zuppo's sentencing order specified the following: a) the effective date of his first Level V sentence; b) the length of each of his Level V terms; and c) and that each of his probationary sentences was to be served consecutively. As such, it contained the specificity required by the statute. Thus, there is no basis for Zuppo's claim that his sentences are illegal under Rule 35(a).
(6) It is manifest on the face of the opening brief that the appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] Zuppo v. State, 807 A.2d 545 (Del. 2002).
[3] Zuppo v. State, Del. Supr., No. 87, 2005, Steele, C.J. (July 11, 2005).
[4] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[5] Id.
[6] Id.
[7] Del. Code Ann. tit. 11, § 3901(a).
[8] Del. Code Ann. tit. 11, § 3901(d).