# IN THE SUPREME COURT OF THE STATE OF DELAWARE

WARREN J. WYANT,

    Defendant Below-
    Appellant,

    v.

STATE OF DELAWARE,

    Plaintiff Below-
    Appellee.

§
§
§
§
§
§
§
§
§
§
§
§
§

No. 369, 2015

Court Below: Superior Court
of the State of Delaware

ID No. 83000839DI

Submitted: April 20, 2016
Decided: May 25, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

On this 25th day of May 2016, it appears to the Court that:

(1) Defendant-Below/Appellant Warren J. Wyant appeals from a Superior Court order modifying the effective date of his sentence. Wyant makes one claim on appeal. He contends that the trial court erred when it modified the effective date of his sentence but did not modify a projected release date set forth in a note in the sentence order.[1] We find any error regarding the release date note to be harmless for the reasons set forth below. Therefore, we affirm the judgment of the Superior Court.

---

[1] Wyant also claims that the trial court erred in applying his good time credit by incorporating his good time calculations through reference to an exhibit. However, Supreme Court Rule 14 bars an appellant's attempt to incorporate arguments by referencing documents or materials outside of the brief. *Ploof v. State*, 75 A.3d 811, 822 (Del. 2014). Therefore, Wyant's claim is waived.

(2) On November 8, 1983, Wyant was convicted of two counts of Rape First Degree,[2] attempted Rape First Degree, Kidnapping First Degree,[3] and Robbery First Degree.[4] On March 16, 1984, Wyant was sentenced to four consecutive life sentences plus fifteen years. Wyant was sixteen years old when he committed the crimes.

(3) In 2010, the United States Supreme Court held that a life sentence without parole for a juvenile convicted of a non-homicidal offense was in violation of the Eighth Amendment.[5] In response, Delaware's General Assembly enacted 11 *Del. C.* § 4204A, which permits a juvenile offender sentenced to life for a non-homicide crime to petition the Superior Court for sentence modification after serving twenty years of the original sentence.[6]

(4) In June 2013, the same month Section 4204A was enacted, Wyant filed a motion to have his sentence modified. After several conferences and a psychiatric evaluation, a hearing was held in February 2014. At the hearing, the trial court determined that Wyant should be released from Level V confinement on or about January 16, 2020. The trial court engaged in sentence calculations and concluded that the unsuspended Level V time of the sentence to achieve this result, after taking into

---

[2] 11 *Del. C.* § 773.
[3] 11 *Del. C.* § 783A.
[4] 11 *Del. C.* § 832.
[5] *Graham v. Florida*, 560 U.S. 48, 82 (2010).
[6] 11 *Del. C.* §4204A(d)(1).

2

account all eligible good time credits, was 56 years, six months. In March 2014, the trial court circulated a modified sentencing order for comments. After the State and Wyant's counsel responded, the trial court requested a conference for further discussion and requested that counsel confer regarding a mutually agreeable sentencing order.

(5) The conference was held in April 2014, and a revised modified sentencing order was circulated in May 2014. On July 22, 2014, the trial court entered the modified sentencing order with an effective date of November 8, 1983, that being the date that Wyant was transferred from a juvenile detention facility to an adult detention facility. The sentencing order sentenced Wyant to Level V confinement suspended after 56 years, six months. In the notes section of the order, the sentencing judge stated:

> The Court's intent is that defendant be released from Level 5 custody on or about January 16, 2020. The Court retains jurisdiction to further modify this sentence if it should later appear that the Defendant has earned all eligible good time credits, but that the adjusted release date becomes an operative date beyond January 26, 2020.[7]

The reference to January 26, rather than January 16, at the end, appears to be a typographical error.

---

[7] Appellee's Ans. Br. App. at B4-5.

(6) In August 2014, Wyant filed an appeal with this Court claiming that the trial court erred by failing to use an effective date for the sentence order of October 19, 1982, that being the date he entered juvenile detention.[8] The State agreed with Wyant as to the proper effective date.[9] This Court subsequently vacated the modified sentencing order and remanded the matter for a new sentencing hearing.[10]

(7) A new sentencing hearing was held on July 15, 2015, and the trial court entered a second modified sentencing order which changed the effective date to October 19, 1982. The 2015 order was otherwise identical to the 2014 order. In the notes section, the trial court repeated the note from the 2014 sentence order and added a note that the order was being modified only to reflect the new effective date and that all other terms and conditions remained the same. Thus, the note stating that it was the judge's intent that the defendant be released on or about January 16, 2020 remained in the new order. After this appeal was initiated, Wyant was granted parole effective July 1, 2018.

(8) We review a trial court's sentencing order for abuse of discretion, but that review is "extremely limited."[11] "Our review ends upon a determination that the

---

[8] *Wyant v. State*, 2015 WL 1975812, at *1 (Del. Apr. 30, 2015).
[9] *Id.*
[10] *Id.*
[11] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

4

sentence is within the statutory limits prescribed by the legislature."[12] "Delaware law requires that, when a prison sentence is imposed, the sentencing order must be specific as to the beginning and ending dates of the prison term."[13]

(9) The second modified sentencing order imposed the same 56 years, six months as the first modified order. The difference is that the 56 years, six months now runs from October 19, 1982 instead of November 8, 1983. Advancing the effective date has the effect of advancing the release date. The State agrees that this change has the effect of advancing his release to a date before January 16, 2020. Once the defendant has served 56 years, six months less all earned good time, he must be released even if that date is prior to January 16, 2020. To maintain a release date of January 16, 2020, the court would have had to increase the 56 years, six months, but it did not. The notes cannot override the calculation of the proper release date based upon a term of 56 years, six months from October 19, 1982, less good time. It would have been the better practice for the sentencing judge to add a new note explaining that the release date note was no longer applicable, but we find the failure to do so to be harmless. Moreover, Wyant has now been granted parole effective July 1, 2018, adding to the harmlessness of any error relating to the note.

---

[12] *Id.*

[13] *Zuppo v. State*, 2008 WL 5064901, at *2 (Del. Dec. 2, 2008).

5

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is **AFFIRMED.**

BY THE COURT:

_____
Justice